UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEE BEATRICE WARD,<br><br>             Petitioner,<br><br>   v.<br><br>WARDEN GLORIA HENRY,<br><br>             Respondent.<br>_____/ | 1: 05 CV 0806 OWW  WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS<br><br>[Doc. 10] |

     Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss this action on the ground that it was filed beyond the one-year statute of limitations contained in 28 U.S.C. Section 2244(d).

**PROCEDURAL HISTORY**

     On October 29, 1999, Petitioner was convicted of attempted murder, kidnaping during a carjacking, kidnaping, burglary, two counts of carjacking, two counts of murder, and three counts of robbery. A personal use of firearm enhancement was found to be true. Petitioner received an indeterminate state prison term of life without the possibility of parole for the murder convictions, an

indeterminate state prison term of life with the possibility of parole for the attempted murder and kidnaping during a carjacking convictions, and ten years for the enhancements. The sentences were stayed on the remaining counts.

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District ("Court of Appeal"). On May 1, 2001, the Court of Appeal directed the trial court to amend the abstract of judgment to delete the reference to a restitution fine and affirmed the judgment in all other respects. Petitioner did not seek review in the California Supreme Court.

On July 17, 2001, the trial court amended the abstract of judgment in accordance with the opinion issued by the Court of Appeal. Petitioner did not appeal.

Petitioner filed six pro se state post-conviction challenges as follows:

First Petition

September 29, 2000: Petition for post-conviction relief filed in Kern County Superior Court.

October 26, 2000:   Petition denied.

Second Petition

February 20, 2001: Petition for post-conviction relief filed in Kern County Superior Court.

March 14, 2001:   Petition denied.

Third Petition

August 1, 2002: Petition for post-conviction relief filed in San Francisco County Superior Court.

October 11, 2002: Petition denied.

Fourth Petition

August 2, 2002: Petition for post-conviction relief filed in the California Supreme Court.

April 30, 2003: Petition denied.

Fifth Petition

March 10, 2004: Petition for post-conviction relief filed in the Court of Appeal.

April 15, 2004: Petition denied.

Sixth Petition

June 24, 2004: Petition for post-conviction relief filed in the California Supreme Court

May 11, 2005: Petition denied.

Petitioner filed a prior habeas corpus petition in this court on July 6, 2001. Ward v. Henry, CV F 01-5878 AWI DLB HC. On September 13, 2002, the Magistrate Judge entered findings and recommendations that the petition be dismissed for Petitioner's failure to exhaust her state remedies. The District Judge adopted the findings and recommendations on October 11, 2002, and the Clerk of the Court entered judgment on October 15, 2002.

Petitioner filed the present action on June 21, 2005.

## LEGAL STANDARD

A. JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that she suffered violations of her rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on June 21, 2005, after the enactment of the AEDPA, thus it is governed by its provisions.

B. STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.

  Title 28 U.S.C. § 2 28 244( d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period does not, however, toll for the time during which a petition for Writ of Habeas Corpus is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1    In 2002, the U.S. Supreme Court decided Carey v. Saffold, 122 S.Ct. 2134 (2002). In Carey
2  v. Saffold, the Court determined that under California's collateral review process, the intervals
3  between a lower court decision and the filing of a new petition in a higher court are within the scope
4  of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the
5  intervals between petitions in the state courts. The Supreme Court examined this principle in light of
6  California's unique original writ system where the timeliness of a petition is determined according to
7  a "reasonableness" standard. Carey v. Saffold, 122 S.Ct. at 2139. Thus, the California Supreme
8  Court's denial of the petition "on the merits and for lack of diligence" cannot, by itself, indicate that a
9  petition is timely under California's reasonableness standard. Id. at 2141 (explaining that there are a
10 variety of reasons why the California Supreme Court may have included the words "on the merits,"
11 and therefore those words cannot by themselves indicate that the petition was timely). The Court
12 further explained that had the California Supreme Court "clearly ruled that Saffold's 4 ½ – month
13 delay was 'unreasonable,' that would be the end of the matter" and the petition would not be pending
14 for purposes of tolling. Id. at 2141. In other words, where a California prisoner delayed
15 "unreasonably" in seeking further review of his petition, he is not entitled to tolling under §
16 2244(d)(2). Saffold was remanded back to the Ninth Circuit to determine whether Saffold's 4 ½
17 month delay between state habeas petitions was unreasonable and therefore, insufficient for statutory
18 tolling. Id.

### DISCUSSION

20    Respondent moves to dismiss this petition on the ground that it is barred by the statute of
21 limitations. Petitioner opposes the motion.

22    As set forth above, the Kern County Superior Court issued an amended abstract of judgment
23 on July 17, 2001. The state appeal process became "final" within the meaning of Section
24 2244(d)(1)(A) when the time for filing an appeal expired sixty days later, on September 15, 2001.
25 See Cal. Rules of Court, rule 31(d). It is undisputed that the statute of limitations began running the
26 following day, on September 16, 2001. Therefore, the last day to file a federal habeas corpus
27 petition, absent any tolling, was September 15, 2002.

1         In regard to statutory tolling pursuant to 28 U.S.C. § 2 28 244( d)(2) , the court finds initially
2 that Petitioner is not entitled to any tolling during the time the first two state post-conviction
3 proceedings were pending.  Both of these actions were resolved before the statute of limitations
4 commenced on September 16, 2001, and therefore had no tolling consequence.
5         Petitioner's third  state court action was filed on August 1, 2002, at which time 316 days of the
6 initial one-year statutory period had elapsed.  Respondent does not dispute that Petitioner is entitled to
7 statutory tolling during the time the third action was pending.  Respondent also does not dispute that
8 Petitioner is entitled to statutory tolling during the time the fourth action was pending.  Both the third
9 and fourth actions were filed under the mailbox rule on the same day: July 29, 2002.  The latest of the
10 petitions, the fourth petition, was denied on April 30, 2003.  Respondent therefore concedes that
11 Petitioner is entitled to statutory tolling for the period from July 29, 2002, until April 30, 2003.
12        Respondent does, however, argue that Petitioner is not entitled to statutory tolling for the
13 period  between the denial of her fourth state action and the filing of her fifth state action.  Despite
14 Petitioner's claims to the contrary,  Respondent correctly states that Petitioner was not ascending up
15 the state court hierarchy as required by Nino.  Petitioner filed her fourth petition with the California
16 Supreme Court and then proceeded downward and filed her fifth petition with the California Court of
17 Appeal.  Further, the delay of over ten months (307) after the denial of her fourth action on April 30,
18 2003, to the filing under the mailbox rule of her fifth action on March 4, 2004, appears to be
19 unreasonable.  The court finds, therefore,  that Respondent is correct in concluding that Petitioner is
20 not entitled to statutory tolling between the fourth and fifth actions.
21        In summary, the statute of limitations began running on September 16, 2001.  The first and
22 second state actions were filed before the commencement of the limitations period and have no tolling
23 consequence.   A total of 316 days of the one-year limitations period ran before Petitioner filed her
24 third state post-conviction petition.  Petitioner then waited an additional 307 days after the denial of
25 her fourth petition to file her fifth petition.  The court must agree with Respondent that the statute of
26 limitations expired during this time.   With the benefit of tolling for the 276 days the third and fourth
27 state actions were pending, the statute of limitations expired on June 18, 2003.  The fifth and sixth
28 state actions were filed after the statute expired, and therefore have no tolling effect. See Green v.

White, 223 F.3d 1001, 1003 (9th Cir.2000) (petitioner not entitled to tolling where the limitations period has already run).

In opposing the motion to dismiss, Petitioner argues repeatedly that the statute of limitations should be tolled from July 6, 2001, until October 15, 2002, the period in which her prior habeas corpus petition was pending in this court. However, it is well-established that actions pending in federal court have no tolling effect under Section 2244(d)(2). Duncan, 121 S.Ct. at 2129. Further, Petitioner's argument that she properly exhausted her state court remedies, as previously directed by this court, does not overcome the fact that the statute of limitations expired before the filing of the present action. Finally, despite Petitioner's claims that she proceeded in a timely manner in state court, it is clear from the 307 day delay in filing her fifth state action that she did not do so. Her claim that she proceeded directly from the Superior Court, to the Court of Appeal, to the California Supreme Court with new petitions being filed within 20 days of receiving a denial from a lower court is belied by the procedural history set forth above. At no point in this history did Petitioner proceed directly between these three levels of the California courts.

In light of all of the above, the court finds that the present action, filed June 21, 2005, was filed more than two years after the expiration of the statute of limitations and is therefore barred.

Based on the foregoing, the court HEREBY RECOMMENDS as follows:

1) That Respondent's motion to dismiss this action as barred by the statute of limitations be GRANTED;
2) That this case be dismissed with prejudice;
3) That the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

1  Judge's Findings and Recommendation." Replies to the objections shall be served and filed within
2  ten (10) court days (plus three days if served by mail) after service of the objections. The court will
3  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  IT IS SO ORDERED.
7  **Dated:    January 7, 2008**                      /s/  **William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE